UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NOSHIR GOWADIA,

      Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION, *et al.*,

      Defendants.

Civil Action No. 14-710

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

"Circa October 2005 Plaintiff was arrested on 6 Counts of providing classified information [pertaining to the] B-2 bomber to unauthorized persons which could cause grave damage to our nation's security." Compl. at 1. The plaintiff rejected a plea offer, and in retaliation "another 13 false counts" were brought against him, even though information alleged to have been "classified [was] actually prohibited from being classified by the Executive Order(s) defining the Security Classification System." *Id.* at 3. Further, the plaintiff has asserted that "the prosecution team fabricated . . . evidence, destroyed some of the evidence useful for [his] defense, [and] threatened . . . his witnesses," to "obtain[] convictions on 15 counts." *Id.* at 5. He appealed the convictions to the United States Court of Appeals for the Ninth Circuit. *Id.* The plaintiff has demanded compensation totaling $45 million for "the loss of nearly 9 years of an innocent person's life," *id.* at 24, among other harms.



"[A] criminal defendant may not recover damages under 42 U.S.C. § 1983 for 'harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid' unless 'the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). "The rationale of *Heck* applies equally to claims against federal officials in *Bivens* actions." *Id.* In this case, the Court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

If the plaintiff's allegations were proved true, the Court's ruling would undermine the validity of his criminal conviction. The plaintiff has not shown that his conviction or sentence has already been invalidated, however, and this civil rights action for damages must be dismissed.

An Order accompanies this Memorandum Opinion.

DATE: 7 April 2014

　　　　　　　　　　　　　　　　　　　　　　Rosemary M. Collyer
　　　　　　　　　　　　　　　　　　　　　　United States District Judge